**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| WILLIAM SCOTT SLOAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-01680-TWP-TAB |
| | ) | |
| SHERIFF DWAYNE BURGESS Sheriff of | ) | |
| Johnson County Indiana, | ) | |
| MAJOR REINHART Deputy of Johnson County | ) | |
| Indiana, | ) | |
| LT. C. KAKAVECOS Deputy of Johnson County | ) | |
| Indiana, | ) | |
| DEPUTY VANDAGRIFFT Deputy of Johnson | ) | |
| County Indiana, | ) | |
| SGT. KENDAL Deputy of Johnson County | ) | |
| Indiana, | ) | |
| UNKNOWN OFFICER #1 Deputy, | ) | |
| UNKNOWN OFFICER #2 Deputy, | ) | |
| NURSE MELINDA of Advanced Correctional | ) | |
| Healthcare, Head Nurse, Healthcare Provider, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS

This matter is before the Court for screening of *pro se* Plaintiff William Scott Sloan's ("Sloan") Complaint. Sloan is a prisoner currently incarcerated at New Castle Correctional Facility. He filed this civil action alleging Fourteenth Amendment violations stemming from his time as a pretrial detainee in the Johnson County Jail ("the Jail"). Because Sloan is a "prisoner," this Court has an obligation to screen the Complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

### I.  SCREENING STANDARD

When screening a complaint, the court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a

claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.  <u>THE COMPLAINT</u>

The Complaint names as defendants: (1) Johnson County Sheriff Dwayne Burgess ("Sheriff Burgess"); (2) Sheriff Major Reinhart ("Major Reinhart"); (3) Sheriff Lieutenant C. Kakavecos ("Lt. Kakavecos"); (4) Sheriff Deputy Vandagrifft ("Deputy Vandagrifft"); (5) Sheriff Sergeant Kendal ("Sgt. Kendal"); (6) Two Unknown Officers; and (7) Nurse Melinda (last name unknown), an employee of Advanced Correctional Healthcare.

Sloan alleges that on February 2, 2022, he was brutally assaulted by another Jail inmate, Marthan Lewis ("Lewis"), who was known by Jail staff to be violent, particularly towards persons of a different race such as Sloan. In addition to past incidents against other inmates, Sloan and others sent messages through the Jail's electronic grievance system expressing concern about being housed with Lewis that went unanswered. Two unnamed Sheriff's Deputies, one of whom would have been in the control room with the surveillance footage and the other who should have been patrolling the halls, failed to perform their duties at the time of the assault.

During the assault, other inmates held the cell door shut so Sloan could not leave, which should have been noticed on the Jail's security cameras. (Dkt. 1 at 4.) Lewis struck Sloan in the

2

head several times.  Sloan had to press the emergency call button for assistance after the assault because no officers had responded to the incident despite the monitored security cameras and the loud noise.  *Id.*  Sloan was transported to Johnson Memorial Hospital where he was informed that his jaw was broken on both sides, his nose was broken, and he had a perforated right ear drum. During Sloan's stay at a hospital following the incident, one deputy guarding him said she was unsurprised the incident happened and that "[Lewis] said he was a changed man, yeah right." *Id*. at 6.  Another deputy said, "We knew he was going to go on somebody. We just didn't think it would be you, Sloan." *Id*.  The second guard later disavowed making this statement.

With respect to the other officers, Sloan alleges the following.  "Kendal had first hand [sic] knowledge of the threat to safety Lewis posed" but took no action to reduce the threat.  Deputy Vandergrifft falsified incident reports after-the-fact to absolve Lewis of blame for the fight and to sanction Sloan instead.  Sgt. Kendal, Deputy Vandergrifft, Lt. Kakavecos, Major Reinhart, and Sheriff Burgess all had knowledge of the threat Lewis posed and could have taken action to order his segregation from others, but did not do so.  *Id.* at 15, 16.

Sloan also alleges that Lt. Kakavecos and Deputy Vandergrifft failed to investigate complaints that other inmates routinely threatened and shouted vulgarities at him and that Deputy Vandergrifft on one occasion, interfered with his use of the Jail law library.  *Id.* at 13.  Sloan was assaulted on another, unspecified date, and this grievances about this incident went unanswered. *Id*. at 14.

Finally, Sloan alleges that the Jail's Head Nurse Melinda, an employee of Advanced Correctional Healthcare, failed to make arrangements for him to receive dentures and for a referral to a surgeon to repair Sloan's broken nose as had been requested by the doctors who had treated Sloan's injuries.  *Id*. at 17.

Sloan seeks compensatory and punitive damages, plus injunctions "to enforce/enact policy concerning violent inmates" and "for external review of all policy concerning inmate safety." *Id.* at 5.

## III.  JOINDER OF CLAIMS

### A.  Legal Standard

When an inmate sues multiple governmental parties, a district court must first assess whether joinder of the claims and parties is proper before reaching the merits of the complaint. *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022).  Federal Rules of Civil Procedure 18 and 20 guide this analysis.  *See id.*

Rule 20(a)(2) permits a plaintiff to join defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  "[M]ere overlap between defendants is not enough."  *Thompson v. Bukowski*, 812 F. App'x 360, 363 (7th Cir. 2020).

Once Rule 20 is satisfied, "[a] party asserting a claim to relief as an original claim, . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."  Fed. R. Civ. P. 18(a); *UWM Student Assoc. v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (court must apply Rule 20 before Rule 18).  "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In short, the courts do not allow an inmate to treat a single federal complaint as a sort of general list of grievances. *Mitchell v. Kalla*s, 895 F.3d 492, 502–03 (7th Cir. 2018) ("Out of concern about unwieldy litigation and attempts to circumvent the [Prison Litigation Reform Act's]

PLRA's fee requirements, we have urged district courts and defendants to beware of 'scattershot' pleading strategies.").

B.   **Discussion**

Sloan's claims against defendants Sheriff Burgess, Sgt. Kendal, Deputy Vandergrifft, Lt. Kakavecos, Major Reinhart, and the two unknown officers relate to their alleged failure to protect him from another inmate with known violent tendencies.  Sloan's claims against defendant Nurse Melinda relate to the medical care he received after the assault and ensuing hospitalization.  These claims do not arise "out of the same transaction, occurrence, or series of transactions or occurrences."  Fed. R. Civ. P. 20(a). Accordingly, Nurse Melinda does not belong in the same suit as Sheriff Burgess, Sgt. Kendal, Deputy Vandergrifft, Lt. Kakavecos, Major Reinhart, and the two unknown officers.  *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *see also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) (stating "district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them") (citing *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012)); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

Even if severance is not required by Rule 20, the Court can sever two sets of claims in the interest of judicial economy and to avoid prejudice.  *Vermillion v. Levenhagen*, 604 F. App'x 508, 513 (7th Cir. 2015) (citing *Gaffney v. Riverboat Servs. of Ind., Inc.,*, 451 F.3d 424, 442 (7th Cir. 2006); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000); *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985)).  To be "discrete and separate . . . one

claim must be capable of resolution despite the outcome of the other claim." *Gaffney*, 451 F.3d at 442 (cleaned up).  That is the case here.

This case will proceed on the failure to protect claims.  These claims are selected because they clearly are the overwhelming focus of Sloan's complaint.

The claims related to Nurse Melinda's provision or failure to provide medical care to Sloan will either be severed into a new action or dismissed.  *See* Fed. R. Civ. P. 21 (authorizing severance); *see Dorsey,* 55 F.4th at 1107−08.  Whether these claims are severed or dismissed without prejudice is plaintiff's choice.  *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) ("[E]ven *pro se* litigants are masters of their own complaints[.]").  If the claims are severed and a new action is opened, Sloan will be responsible for paying the filing fee associated with the new case or moving to proceed *in forma pauperis*.  In addition, the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for the new case.

If these claims are dismissed, they will be dismissed without prejudice, which means Sloan can file a new action and pursue them if he wishes.  Sloan is warned, however, that the dismissal of these claims would not automatically toll the applicable statute of limitations, which is two years.  *See Julian v. Hanna*, 732 F.3d 842, 844 – 45 (7th Cir. 2013).  Sloan should carefully consider whether he wishes these claims to be severed or dismissed without prejudice.

Sloan shall have through **Monday, May 6, 2024**, by which to **notify the Court** whether he wishes the Court to sever his medical care claims raised in his Complaint into a new action or dismiss them without prejudice.  If Sloan fails to respond, this claim will be dismissed without prejudice.

## IV.  <u>DISCUSSION OF REMAINING CLAIMS</u>

Sloan was a pretrial detainee at the time of the incident(s) at issue, so his claims are governed by the Fourteenth Amendment.  The elements of a Fourteenth Amendment failure to protect claim are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Kemp v. Fulton Cnty.*, 27 F.4th 491, 496 (7th Cir. 2022) (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)).  In this context, only objective unreasonableness on the defendant's part is required, not subjective intent.  *Id.* at 497.  Similarly, with respect to supervisory liability under this theory, a plaintiff only need show objective unreasonableness on the supervisor's part, not subjective intent.  *Id.* at 497-98.  "[A] supervisor must 'know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'"  *Id.* at 498 (quoting *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012)).

Under these standards, Sloan has adequately stated Fourteenth Amendment failure to protect claims against defendants Sheriff Burgess, Sgt. Kendal, Deputy Vandergrifft, Lt. Kakavecos, and Major Reinhart, with respect to the assault that left Sloan seriously wounded on February 2, 2022.  These claims **shall proceed** as claims for compensatory and punitive damages.

Sloan's claims against "John Doe" defendants, the two unknown deputies, are **dismissed**. Generally, "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise

help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Suing unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery, Sloan is able to learn the name of the unknown defendants, he may seek leave to add claims against them.

Also, to the extent Sloan wishes to raise claims related to a failure to investigate threats made against him, such claims are **dismissed**. A failure to protect claim "cannot be predicated merely on knowledge of general risks of violence," *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), or fear of an unrealized attack, *see Babcock v. White*, 102 F.3d 267, 270 (7th Cir. 1996). Similarly, Sloan's claims related to another assault on an unspecified date and without any claims or allegations of injuries resulting from that assault are too speculative and are **dismissed**. And, with respect to Sloan's allegations about Deputy Vandagrifft interfering on one occasion with his use of the Jail law library, this claim is **dismissed** because it is insufficient to state a claim for alleged interference with access to the courts, as there is no allegation that such interference actually prejudiced Sloan in any pending action. *See Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013).

Finally, Sloan's claims for injunctive relief are now moot, as he no longer resides at the Johnson County Jail, and they are **dismissed**. "An inmate's transfer from the facility complained of moots the equitable and declaratory claims unless his return to the facility is certain." *Howe v. Godinez*, 558 F. Supp. 3d 664, 667 (S.D. Ill. 2021) (citing *Ortiz v. Downey*, 561 F.3d 664 (7th Cir. 2009)). Sloan would now lack standing to pursue injunctive relief regarding a facility where he is no longer housed.

In sum, the claims which shall proceed are the following: Fourteenth Amendment failure to protect claims for damages only against defendants Sheriff Burgess, Sgt. Kendal, Deputy Vandergrifft, Lt. Kakavecos, and Major Reinhart, in relation to the February 2, 2022 assault. This

summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Sloan believes that additional claims were alleged in the Complaint, but not identified by the Court, he shall have **through Monday, May 6, 2024,** by which to identify those claims.

## V. CONCLUSION AND SERVICE OF PROCESS

The **Clerk is directed** to terminate Unknown Officer #1 and Unknown Officer #2 as defendants on the docket.

The **Clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Sheriff Burgess, Sgt. Kendal, Deputy Vandergrifft, Lt. Kakavecos, Major Reinhart, in the manner specified by Rule 4(d). Process shall consist of the Complaint filed on September 11, 2023, Dkt [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date:  4/4/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

William Scott Sloan, #290119
NEW CASTLE CORRECTIONAL FACILITY
P.O. Box A
New Castle, Indiana  47362

Sheriff Dwayne Burgess
JOHNSON COUNTY SHERIFF'S OFFICE
1091 Hospital Road
Franklin, Indiana  46131

Major Reinhart
JOHNSON COUNTY SHERIFF'S OFFICE
1091 Hospital Road
Franklin, Indiana  46131

Lieutenant C. Kakavecos
JOHNSON COUNTY SHERIFF'S OFFICE
1091 Hospital Road
Franklin, Indiana  46131

Deputy Vandagrifft
JOHNSON COUNTY SHERIFF'S OFFICE
1091 Hospital Road
Franklin, Indiana  46131

Sergeant Kendal
JOHNSON COUNTY SHERIFF'S OFFICE
1091 Hospital Road
Franklin, Indiana  46131