UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM SCOTT SLOAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-01680-TWP-TAB |
| ) | |
| SHERIFF DWAYNE BURGESS Sheriff of ) | |
| Johnson County Indiana, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO WITHDRAW ADMISSIONS**

Plaintiff William Scott Sloan filed a motion to withdraw admissions. [Filing No. 65.] Defendants Sheriff Duane Burgess, Major Rhinehart, Lieutenant C. Kakavecos, Deputy Vandagrifft, and Sergeant Kendal object to the motion. [Filing No. 72.]

Under Rule 36(a)(3) of the Federal Rules of Civil Procedure, a matter is deemed admitted when a party fails to respond timely to a request for admission. Responses to requests for admissions are due within 30 days of service when served in person or by e-service or within 33 days of service when served by other means, such as mail. Fed. R. Civ. P. 6(d), 36(a)(3). Defendants mailed requests for admissions to Plaintiff at Miami Correctional Facility on January 15, 2025—prior to Plaintiff's representation by counsel. [Filing No. 58-2.] Plaintiff did not respond to those requests, and more than 33 days have passed since service. Therefore, the requests for admissions are deemed admitted under Rule 36(a)(3).

On January 13, 2025,[1] Plaintiff filed his third motion for recruited counsel. On February 14, 2025, the Court granted that motion and appointed recruited counsel to assist Plaintiff in

---

[1] The Clerk's office file stamped Plaintiff's third motion for recruited counsel on January 21, 2025. However, under the prisoner mailbox rule, a *pro se* prisoner's legal filings are deemed filed when

1

connection with the upcoming settlement conference. [Filing No. 52.] Plaintiff's counsel was not aware of the requests for admissions at the time of appointment. [Filing No. 74, at ECF p. 2.] After becoming aware of the unanswered requests for admissions, Plaintiff's recruited counsel moved to withdraw the admissions on April 21, 2025—roughly three months after Defendants served the requests for admissions. [Filing No. 65.]

Rule 36(b) permits withdrawal or amendment of admissions if: (1) "it would promote the presentation of the merits of the action" and (2) "if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." "The party seeking the withdrawal bears the burden of demonstrating that withdrawal would promote a decision of the matter on its merits; the party who obtained the admission bears the burden of showing that withdrawal would result in prejudice." *Annie Oakley Enterprises Inc. v. Amazon.com, Inc.*, No. 1:19-cv-01732-JMS-MJD, 2020 WL 6870993, at *1 (S.D. Ind. Aug. 20, 2020). "The Seventh Circuit . . . has a well-established policy favoring the resolution of cases on the merits, rather than by default." *Piggee v. Columbia Sussex Corp.*, No. 2:08–cv–107–PPS–PRC, 2010 WL 4687725, at *5 (N.D. Ind. Nov. 10, 2010); *see also Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (explaining that the court strongly prefers to resolve cases on the merits). For the reasons discussed below, withdrawal of Plaintiff's admissions is permissible under Rule 36(b).

As to the first prong, Plaintiff argues that several admissions are dispositive to his claims, and if not withdrawn, the default admissions would prevent the adjudication of the case on its merits. [Filing No. 65, at ECF p. 3; Filing No. 74, at ECF p. 5-7.] In this action, Plaintiff has alleged that officials and employees at New Castle Correctional Facility violated his Fourteenth

---

the prisoner delivers it to prison authorities for filing. *Houston v. Lack*, 487 U.S. 266, 276 (1988). According to the notation on filing, Plaintiff provided his third motion for recruited counsel to prison authorities for mailing on January 13, 2025.

2

Amendment rights by failing to protect him from another inmate with known violent tendencies. [Filing No. 21.] Requests for Admission Nos. 7 through 11 bear on a key factual issue—Defendants' awareness of the risk to Plaintiff—by asking Plaintiff to admit that he did not notify any Defendant of the risk of harm or have any reason to believe that his attacker posed a risk to him prior to the attack. [Filing No. 74, at ECF p. 5-7; Filing No. 58-2, at ECF p. 4-5.] The Court agrees with Plaintiff that the first prong is satisfied.

As to the second prong, Defendants argue that withdrawal of the admissions would result in prejudice because they relied upon the default admissions when drafting their motion for summary judgment, and withdrawal of the admissions would require additional discovery and supplemental briefing. [Filing No. 72, at ECF p. at 6-7.] However, "mere preparation of a summary judgment motion in reliance on deemed admissions does not, by itself, constitute sufficient prejudice to deny motions to withdrawal." *Windle v. Indiana*, No. 1:18-cv-01212-SEB-TAB, 2019 WL 6724605, at *5 (S.D. Ind. Dec. 10, 2019) ("[T]he Seventh Circuit has never held that prejudice results from a party's efforts to prepare a summary judgment motion after securing deemed admissions." (internal quotations and citation omitted)). "[T]he prejudice contemplated by Rule 36(b) does not simply mean that the party who obtained the admissions will now have to argue the merits[.]" *Piggee*, 2010 WL 4687725, at *6 (internal quotations and citation omitted) (finding no prejudice despite the defendants' reliance on the default admissions in their pending motion for summary judgment and the need to engage in further discovery if the admissions were withdrawn); *see also Harmless v. Electronic Control Security, Inc.*, No. 1:07-cv-146-SEB-WTL, 2008 WL 686999, at *1 (S.D. Ind. Mar. 10, 2008) ("'The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by

the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.'" (quoting *Perez v. Miami-Dade County*, 297 F.3d 1255, 1266 (11th Cir. 2002))).

Furthermore, Defendants have not shown that the default admissions impaired their ability to engage in additional discovery or prepare for trial. *See Williams v. Republic Airways Holding Inc.*, No. 1:21-cv-00469-TWP-MJD, 2022 WL 3357912, at *1 (S.D. Ind. Aug. 15, 2022) ("[T]he type of prejudice required to satisfy Rule 36(b) is an admission which induces the serving party to forbear from conducting other discovery in reliance upon the admission." (internal quotations and citation omitted)). In early April 2024, the Court screened Plaintiff's claims, and the Clerk issued notice of the lawsuit to Defendants. [Filing No. 21; Filing No. 22.] Yet, Defendants waited until January 15, 2025—30 days before the February 14, 2025, discovery deadline—to serve written discovery on Plaintiff. The discovery deadline would have precluded Defendants from engaging in additional discovery, even if Plaintiff had responded timely to the requests for admissions. Thus, this is not a case where a party's reliance on default admissions led it to forgo additional discovery. Defendants have failed to show prejudice as required by the second prong.

Moreover, any prejudice caused by Plaintiff's failure to respond to discovery can be mitigated if the Court authorizes and Plaintiff submits a belated response to discovery. *See Simstad v. Scheub*, 816 F.3d 893, 899 (7th Cir. 2016) (noting that the reopening of discovery mitigated any prejudice due to the withdrawal of default admissions); *Johnson v. Target Corp.*, 487 Fed. App'x. 298, 300 (7th Cir. 2012) ("There is no prejudice if . . . the withdrawal is made before trial and discovery may be reopened."). This action is not yet set for trial. There is time to allow for a limited reopening of the discovery and dispositive motions deadlines. The Court grants Plaintiff 30 days from the date of this order to respond to discovery previously issued by Defendants.

4

Defendants shall have 30 days after service of those discovery responses to withdraw or file an amended motion for summary judgment.

Last, Plaintiff's counsel argues that equitable factors weigh in favor of withdrawing the default admissions. [Filing No. 65, at ECF p. 3-4.] Plaintiff was unrepresented when Defendants served discovery. Plaintiff has a limited education, limited legal knowledge, and "did not fully understand the nature and requirements of the discovery request." [Filing No. 65, at ECF p. 3; Filing No. 74, at ECF p. 9.] Plaintiff would have benefitted from a courtesy notice advising him of the repercussions of failing to respond timely to the requests for admissions, but the requests contained no such warnings. See *Spencer v. Dearborn County Sheriff's Dept.*, No. 4:06-cv-0131-DFH-WGH, 2007 WL 1729752, at *2 (S.D. Ind. June 6, 2007) (permitting a *pro se* plaintiff to respond to unanswered requests for admissions after the expiration of the deadline, even though the defendants relied on the default admissions in their motion for summary judgment, and suggesting that fairness may require that requests for admissions to *pro se* parties contain a statement of the consequences of failing to respond). In his third motion for recruited counsel—filed two days before service of discovery—Plaintiff requested legal assistance because he had "a hard time understanding legalese"; was struggling with depression and anxiety; and had issues with incoming and outgoing mail. [Filing No. 16.] Prior motions for recruited counsel contained similar claims, as well as complaints of restricted access to the law library—indicating that Plaintiff may have had limited opportunity to research the discovery requirements and consequences of not responding. Given these circumstances, withdrawal of the admissions is in the interest of fairness.

Accordingly, Plaintiff's motion [Filing No. 65] is granted. Plaintiff's default admissions are withdrawn. Plaintiff shall submit responses to all outstanding discovery requests, including

5

requests for admissions, within 30 days of the date of this order. If Plaintiff fails to respond to the requests for admissions as required by this order, the admissions will be deemed admitted and the matters addressed in the requests for admissions will be conclusively established under Rule 36. Defendants shall have 30 days after service of Plaintiff's discovery responses to withdraw or file an amended motion for summary judgment.

Date: 6/10/2025

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

WILLIAM SCOTT SLOAN
290119
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810